HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIER KEAND'E GARDNER,

        Plaintiff,

      v.

CHEVRON, K BILG CORPORATION,
and AMARIT BILG,

        Defendants.

CASE NO. 2:24-cv-00622-RAJ

ORDER

## I.    INTRODUCTION

THIS MATTER comes before the Court on Defendant Chevron U.S.A. Inc. ("Defendant" or "Chevron")'s Motion to Dismiss. Dkt. # 41-1. Plaintiff Kier Keand'e Gardner ("Plaintiff") filed a Response, to which Defendant replied. Dkt. ## 44; 45.

For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion.

## II.    BACKGROUND

This is an employment discrimination case based on allegations that Defendant denied Plaintiff employment due to his race. All facts derive from Plaintiff's Second Amended Complaint ("SAC"). On August 6, 2023, Plaintiff received an application for

ORDER – 1

1  employment as a cashier from Defendant K Bilg Corporation doing business as Chevron
2  Corporation in Bellingham, Washington. Dkt. # 27-1 at 6. Three days later, Plaintiff
3  returned to the premises to submit his application. *Id*. The cashier refused to accept the
4  application, and she stated "yes" when Plaintiff asked her if she did not want to accept his
5  application because he was black. *Id*.

6     Plaintiff has since identified the cashier as Amarjit Bilg. *Id*. He originally named
7  Chevron Corporation, LS1-LLC, and the cashier, previously identified as "Jane Doe," as
8  Defendants.[1] Dkt. # 14. Upon receiving information about the relationship between the
9  parties from Lucky Singh, the registered agent of LS1-LLC, Plaintiff sought to (1) remove
10 LS1-LLC as a defendant, (2) identify the Jane Doe defendant as Amarjit Bilg, and (3) add
11 K Bilg Corporation as a party to this action. Dkt. # 28 at 2. Accordingly, the proper
12 Defendants are Chevron, Amarjit Bilg, and K Bilg Corporation. Dkt. # 27-1 at 2–3.
13 Plaintiff moved the Court to amend the summonses so he could serve the proper parties,
14 along with leave to file a Second Amended Complaint. Dkt. ## 27, 28. The Court granted
15 his Motion. Dkt. # 29.

16    The SAC asserts causes of action for discrimination under Title VII of the Civil
17 Rights Act, Section 1981, Washington's Law Against Discrimination ("WLAD"), and the
18 Bellingham Municipal Code. Dkt. # 27-1 at 3–4. Defendant moves to dismiss the SAC
19 for failure to state a claim. Dkt. # 41-1.

### III.  LEGAL STANDARD

21    Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for
22 failure to state a claim. Fed. R. Civ. P. 12(b)(6). The rule requires the court to assume the
23 truth of the complaint's factual allegations and credit all reasonable inferences arising from
24 those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not
25 accept as true conclusory allegations that are contradicted by documents referred to in the

26

27 [1] LS1-LLC is a limited liability company that leased the Chevron location in Bellingham from K
   Bilg Corporation. Dkt. # 27-1 at 4–5.

28 ORDER – 2

complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Where a plaintiff proceeds *pro se*, the court must construe her "complaint[] liberally even when evaluating it under the *Iqbal* standard." *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). "Furthermore, '[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to *pro se* plaintiffs.'" *Id.* (quoting *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004)).

## IV.  DISCUSSION

### A.    Federal and State Employment Discrimination Claims

Defendant first moves to dismiss the discrimination claims alleged in the SAC that fall under state and federal law. Title VII of the Civil Rights Act and Section 1981 make it unlawful for an employer to refuse to hire an individual due to the potential employee's race. 42 U.S.C. § 2000e-2(a)(1); *Messer v. Meno*, 936 F. Supp. 1280 (W.D. Tex. 1996) (finding that the elements of substantive claims of employment discrimination are the same under both Section 1981 and Title VII) (overruled in part on other grounds). Similarly, the WLAD prohibits an employer from refusing to hire any person because of their race. RCW

ORDER – 3

§ 49.60.180(1).  Title VII and the WLAD both require a plaintiff to plead that the defendant subjected him to an adverse employment action.  *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000); *Kinnune v. Washington*, No. 2:23-cv-00026-MKD, 2024 WL 314994, at *8 (E.D. Wash. Jan. 26, 2024).

Defendant posits that it is an improper party to this case, as Plaintiff does not allege that Chevron took any action at all with respect to his employment application. Dkt. # 41-1 at 5.  Specifically, Defendant argues that there is no employment relationship between Chevron and K Bilg Corporation and it was never Plaintiff's employer.  *Id.* at 6.  When making a determination on the existence of an employment relationship, courts consider factors such as who controlled the work to be performed by the individual, who paid consideration for the work, and who treated the individual as an employee for tax purposes. *Buhr v. Stewart Title of Spokane, LLC*, 176 Wn. App. 28, 37, 308 P.3d 712 (2013).

Because the Court must accept all alleged facts by Plaintiff as true and apply a liberal standard given his *pro se* status, it is premature to determine the relationship between Chevron and K Bilg Corporation absent discovery.  The key fact is that Amarjit Bilg's work shirt bore the Chevron logo. Dkt. # 44 at 3.  Defendant can resolve this factual dispute by submitting evidence proving it has no relation to K Bilg Corporation.  Until then, it would be inappropriate to dismiss Plaintiff's SAC based on Defendant's statements alone.  Accordingly, the Court **DENIES** Defendant's Motion to Dismiss as it relates to Plaintiff's federal and state employment discrimination claims.

**B.    Municipal Employment Discrimination Claim**

The Court summarily dismisses Plaintiff's claim of discrimination under the Bellingham Municipal Code.  Bellingham Municipal Code 6.64.190 states that *public corporations* cannot discriminate on the basis of race or color with respect to employment or membership on the board of directors.  Bellingham Mun. Code § 6.64.190 (emphasis added).  The Bellingham Municipal Code defines "public corporation" as a corporation, commission, or authority organized under the Bellingham Municipal Code to improve

ORDER – 4

governmental efficiency and services. *Id.* at §§ 6.64.010; 6.64.020. Plaintiff never alleges that Defendant is a public corporation as defined by the Bellingham Municipal Code. Additionally, he concedes in his Response that this claim likely lacks merit. Dkt. # 44 at 2. The Court **GRANTS** Defendant's Motion to Dismiss as it relates to Plaintiff's municipal employment discrimination claim.

## V.   CONCLUSION

Based on the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss. Dkt. # 41-1. Plaintiff's discrimination claim under the Bellingham Municipal Code is **DISMISSED WITH PREJUDICE**.

Dated this 10th day of September, 2025.

_____

The Honorable Richard A. Jones
United States District Judge

e

ORDER – 5